**Dwayne McELWEE, Petitioner—Appellant,**

v.

**Anthony KANE, Warden, Respondent—Appellee.**

**No. 06–15774.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 20, 2007.

Marilee Marshall, Esq., Jennifer Peabody, Esq., Marilee Marshall & Associates, Inc., Los Angeles, CA, for Petitioner–Appellant.

Amber Nicole Wipfler, AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM \*\*

California state prisoner Dwayne McElwee appeals from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's decision to deny a § 2254 petition, *see McQuillion v. Duncan,* 306 F.3d 895, 899 (9th Cir.2002), and we affirm.

The State contends that we lack jurisdiction because there is no federally protected interest in parole release in California, and thus, McElwee has failed to state a federal claim. This contention is foreclosed. *See Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1127–28 (9th Cir.2006).

McElwee contends that the California Board of Prison Terms' (the "Board") decision to deny him parole violated his due process rights. We conclude that there was no due process violation because the Board based its decision on several factors, and some evidence supports its decision. *See Superintendent v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *see also Sass,* 461 F.3d at 1128–29. Accordingly, the state court's decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.